At this time, we'll hear Hylton v. Sessions. Good morning. Good morning, your honors. May it please the court. Gerardo Romo, law student for petitioner Mr. Hylton. My colleague Kyle Barron will argue rebuttal. And we'd like to reserve three minutes for rebuttal, please. This court already determined that the definition of cell under the New York Marijuana Statutory Scheme does not require remuneration. Therefore, the only issue in this case is whether just over 25 grams of marijuana is a small amount under the Controlled Substance Act. The minimum conduct under 22145 or the giving of just over 25 grams of marijuana reaches a small amount under the CSA for two reasons. First, the minimum conduct is under the 30-gram amount recently recognized by the Seventh and Fourth Circuits as a small amount under the CSA and falls well under the amounts typically envisioned by the CSA. Second, even if the- Is that the floor of the small amount? Was that the floor? In Ming Wei Chen v. Sessions, the Seventh Circuit said that just over 30 grams is a small amount without deciding the top of small amount. And the BIA's own position on that is? In this unpublished decision, the BIA states that small amount is only a few grams. However, in the last published decision, Castro Rodriguez, the BIA stated that 30 grams is a guidepost for small amount. So we've got two circuits and the agency itself, at least in its published opinion. Correct, Your Honor. This is the 30-gram amount. Correct. And second, even if this court does not decide that just over 25 grams is a small amount, this court should still rule in Mr. Hilton's favor because under New York's aggregate weight rule, 22145 actually reaches amounts far fewer than 25 grams. And lastly, the government's position that realistic probability requires case law for plain terms of the statute is incorrect. So first, the CSA does not define small amount. The lowest band of marijuana convictions under the CSA trafficking is 50 kilograms. And the band above that is 100 kilograms. 30 grams in relationship to the lowest band is small. And the sentencing guidelines, the lowest amount for trafficking marijuana offenses is 1 kilogram or 1,000 grams. As I mentioned earlier, the 7th and 4th Circuit recently used 30 grams as a small amount. And in Mingwei Chen v. Sessions, the government argued that small amount is exactly 30 grams, or that we should use the 30-gram guidepost as recognized in Castro-Rodriguez. And similarly, in the 4th Circuit decision just a couple weeks ago, the government conceded that a Tennessee statute which criminalizes 14 grams is a small amount under the CSA because it is under 30 grams. We're having this whole discussion because federal law, Section 841, says that small amounts will not be treated as felonies but as misdemeanors, right? That's why we're having this whole discussion? Right. Now, the federal law does not define small amount, right? Correct. All right. To that extent, what's the line we draw? What's the line between a felony and a misdemeanor? So because the CSA does not define it, courts have kind of created a band. For example, the 3rd Circuit in Catwell said that 120 grams is not a small amount. This court in Alton said that 20,000 grams is not a small amount. The principle of federal criminal law is that it has to give notice to the people who are committing the crime of what's prohibited. Do you think that applies to the distinction between felony and misdemeanor? Well, under— That someone has to be given clear notice of what's a felony crime and what's a misdemeanor? Well, just using the—by comparing to the CSA, 30 grams is small. This conviction, the minimum conduct is 25 grams, which is under an ounce, which is— We don't have to define the exact line here. We can say that 30 grams is clearly a small amount. Correct. This court does not have to define small amount, just that 30 grams is within small amount. Well, one of the cases was troubled about this in different contexts, suggesting that 30 grams on the street might be viewed one way. 30 grams slipped to a prisoner might be viewed differently. Do you have any guidance for us on that? Correct, Your Honor. Damerville in the Seventh Circuit did say that in a prison, small amount will have a different meaning. However, under the categorical approach, we only look to the minimum conduct, and here the minimum conduct is not in a prison. If the minimum conduct did specify a prison, then we would use the Damerville decision. However, the Seventh Circuit in Mingwei Chen v. Sessions did distinguish Damerville under the categorical approach to say that small amount as the minimum conduct should be just over 30 grams. And I would just like to remind the court that the New York aggregate weight rule actually makes convictions under 25 grams under 22145. The statute specifically criminalizes the preparations, compounds, mixtures, or substance of an aggregate weight of more than 25 grams. And in the jury instructions, aggregate weight is defined as the weight of the substance containing marijuana irrespective of the amount of marijuana actually in the substance. And this is consistent with the way that New York courts apply the aggregate weight as we showed in our brief page 33 to 34. And because of this, something that is just over 25 grams could have as little as less than one gram of marijuana. The government's position that realistic probability requires case law for plain text of a statute is incorrect. The requirement of additional case law is only necessary when counsel is advancing an argument that stretches the statutory language beyond its plain meaning. Here, we are using the plain terms of the statute. For example, sell is defined as sell, exchange, give, or dispose to another, and that is reflected in the jury instructions as well as in this court's opinion in Martinez. Secondly, as I mentioned earlier, the jury instructions specifically define aggregate weight. The government contends that we need to find case law to explain the plain terms of the statute, for example, to give or what over 25 means. However, because sell is defined as give under the New York case law, that would actually be never litigated up to create published case law. For example, if a criminal defendant was giving 26 grams of marijuana, his attorney would have to tell him that under New York law, sell and give mean the same thing. So he has no defense. And lastly, if the court has no further questions, I would just like to remind the court that an immigration judge granted Mr. Hilton cancellation or removal. And in order to do that, he had to weigh his criminal history and his long presence in the country, his long work history, and his ties to his community. Thank you. Thank you, Your Honors. Good morning, Your Honors. May it please the court, Alexander Lutz for the respondent. Your Honors, there are a number of points in Petitioner's presentation that I'd like to address, but I'd like first just to briefly take us back up to 30,000 feet for a second and point out that the petitioner's argument involves equating a state felony to a federal misdemeanor. And in order to do that, the petitioner is attempting to define the boundaries of the state felony and the federal misdemeanor to which he's comparing it and the mechanics of the realistic probability test by which the two are compared. And I'd respectfully point out that- Why would we get to a realistic probability test if the statute says 25 grams? And giving, not selling. Well, respectfully, Your Honor, that- Specific. Well, Your Honor, I'd make a couple of points in response to that question. And the first is a point that we reiterated throughout our briefing, which is that 841B4 doesn't focus specifically on a weight. It refers to a type of conduct, which is social sharing. That's why we don't see cases that are pegging that statute to a fixed weight. We've seen some cases that say, for example, 50 pounds is not small, 8 ounces is not small. But no court has yet found the floor. And I'll turn to the Fourth Circuit and Seventh Circuit cases that the petitioner brought up in just a minute. But to continue to answer your question, Your Honor, we'd point out that this statute does not facially refer to that type of social sharing conduct. If we look at the type of cases where courts have said a certain type of non-generic conduct, by which I mean a type of conduct falling outside a federal generic definition, is plain on the face of a state offense, we see explicit language, like in the First Circuit's opinion in Swabie, where the Rhode Island statute literally said fennel fentanyl is criminalized. That's a drug outside the federal schedules. Or in the Tenth Circuit's Tittle opinion, where it said the statute literally said felony pointing firearms could be violated by pointing a firearm in jest, which took it outside the scope of the federal definition. But here, the type of conduct that would take us outside federal felony distribution of marijuana and into the misdemeanor provision would be this type of social sharing conduct. The statute doesn't facially apply to that. Are you taking the position that weight is not the problem here, that it's the conduct that brings him within the felony provision? Essentially, yes, Your Honor. Certainly, weight is a factor because courts have held that there are some weights, like above a certain limit, like maybe 8 ounces or 50 pounds or something, where it would be impossible to imagine socially sharing that quantity. But we are arguing, yes, it's defined by a type of conduct, not by a weight. That's borne out in the legislative history. That's borne out by this Court's opinion in Oten and, more recently, in Martinez v. McCasey, where this Court said there is a reason to consider the activity mostly contemplated by 841. My problem is that before we get to this social sharing part, we start with the terms of the statute. The statute doesn't limit distribution to social sharing. That may have been its animating concern, but it says any person who violates subsection A of this section by distributing a small amount of marijuana for no remuneration. So the only thing that's required is that the distribution not be for remuneration. It doesn't matter whether it's social sharing, whatever that is. It's just that it be for no remuneration. You can't say that the New York statute here doesn't fall squarely within that language. It allows prosecution for distribution without remuneration. That's correct, Your Honor. It does not. So we're within the statute. Then I ask, how does anything else matter other than whether it's a small amount? Well, because, Your Honor, the statute doesn't define small amount. No kidding, and I'm not sure that helps you. Well, Your Honor, I think the reason it doesn't define small amount is because it's not supposed to be fixed to a weight. If you look at the comments that are made by the Senate. Do you think it goes to the jury as a fact question? Under this statute, no, I don't believe it does, Your Honor. How does a court know when it's got a case? We'll say we're in federal court on an A41B4 charge. How does a court know whether it's got a small amount or not? Your Honor, I'm not sure, and I think that— To that extent, given that the BIA's published opinion says 30 grams is the benchmark, why don't we hold the agency to what it has said and take the view that this is not a small amount? Well, Your Honor, first of all— This is a small amount, rather, a small amount statute. I understand, Your Honor. And first of all, I'd point out that the Board's decision in that respect only said that 30 grams is a useful guidepost, and there's a big difference between a useful guidepost and a bright line. I understand that, but still, you've got a statute now that covers 25 to 30 grams. You want us to say it's a felony, but your agency says less than 30 grams can be a misdemeanor. It can be, Your Honor, but it's not linked purely to the weight. But we've got to do a categorical application here. That's true, Your Honor, and I'm not asking the court to look at the facts of Mr. Hilton's crime. What we're asking is for the court to look at how this State statute has been applied with reference to other cases and how the Federal generic offense has been defined with reference to other cases. We're not asking the court to step outside the categorical approach, just to look at how this statute realistically is applied, not just what its text theoretically could reach. That seems to be just a dodge. You're saying don't look at his case because we don't know the facts of his case. That's the reality here. We're going to cite cases that have been published, but we don't know anything about cases that haven't been published, which could be actually the more trivial ones because nobody has an incentive to appeal. So I'm not sure that that helps us very much. Your Honor, I agree it's certainly possible that there are other types of cases that are unpublished, but this is an inherent difficulty in the nature of the realistic probability analysis. The Supreme Court said in Duenas-Alvarez and reiterated in Moncrief that where a petitioner wants to argue that a State statute reaches non-generic conduct, they have to show a realistic probability, not a theoretical possibility. And it's our position that if this court is to define 841b-4 as a fixed weight, as saying any non-remunerative transfer of marijuana above a certain weight is a felony, falls outside 841b-4, it's going to be the first court to have done that. The Seventh Circuit case and the Fourth Circuit case that the petitioner cites do not squarely state that proposition. They reserve for later. You wouldn't expect to find any cases dealing with less than an ounce of marijuana shared among friends. I mean, there are no published cases that I've ever read about speeding at an Army base or spitting on the floor of the post office. When something is sufficiently trivial, you just don't see published cases about it. Where would you look to find this? Well, Your Honor, we might look to convictions. We can look to the structure of the State code, for example, to see how this statute is applied. I understand Your Honor's point that relatively trivial infractions may not make it to the appellate level and result in a published opinion. I think that's a problem that we face across the board. Or to the trial court level, for that matter. Well, Your Honor, this statute – Prosecuted some drug cases. And what you haven't given us is any 841B4 convictions. Your Honor, I did try to look for those types of cases, and the amount of case law defining the outer parameters of 841B4 is very slim. You're kidding. Again, when I was Chief of Narcotics, we didn't do marijuana unless it was a boatload. I understand, Your Honor. Well, I think if I wanted to make one final point with the time that's left to me, I'd turn the court to the structure of this New York statute and how it relates to other provisions. This statute's been on the books for decades, and we do see convictions, appellate records, that show both the quantity and issue and discuss remunerative conduct. So it's not as if there's a complete lack of case law out there to inform our analysis of how the statute's applied. It's just that it happens to undercut the petitioner's position. But it is there. And I'd also point out that New York has two misdemeanor statutes that have been specifically held to apply to this type of nonremunerative social sharing conduct. Do you agree that the law is it has to meet the federal analog? I mean, whatever New York calls its crime, to be a narcotics offense that gets someone deported, it has to fit the federal definition. I understand Your Honor's point, yes. And I think that that gets to the heart of the difference. Do you agree with it? No, I don't, Your Honor, because I think that gets to the heart of the difference between a realistic probability and a theoretical possibility. I understand Judge Radji's question to be that if 221.45 could reach nonremunerative transfers of above 25 grams, does that not necessarily meet the federal offense? And I would say no, because even if the statute could theoretically be applied to the type of social sharing conduct that courts have held 841.b.4 to encompass, we have to actually look at how the state applies it, not just what the text of the statute says. That's what Duenas-Alvarez stands for. And if there are two other misdemeanor statutes that have been held by this court and the Supreme Court to apply to that type of 841.b.4 conduct, and there are cases showing 221.45 being applied to remunerative transfers, but not to this type of social sharing conduct, then the petitioner hasn't set forth a realistic probability. You know, we're a little far from the real point here. The defendant is ordered deported because he has a prior conviction for an aggravated felony, right? Yes, Your Honor. And you want us to say that a conviction for dealing in between 25 grams and 4 ounces of marijuana is an aggravated felony categorically? No, Your Honor. We want the court to hold that the petitioner hasn't shown a realistic probability. The issue can be left for another day. It's the petitioner that's asking the court to set the parameters of 841.b.4 conduct. That's a much bigger holding and one that has consequences far outside the immigration arena. Thank you. Thank you, Your Honors. We'll hear rebuttal. Thank you. I'd like to address three points that the government made. First, the realistic probability test that they require to produce cases, even when the statute is clear, makes the categorical approach unworkable. If the conduct criminalized is clearly written in the statute, it will not be litigated and will not be reflected in the small fraction of cases that are published to legal databases. And I'd like to note that this court does not require additional cases when the statute is clear. The most obvious place to look for the minimum conduct criminalized under 221.45 is the actual words of the statute that the New York legislature enacted. Give means give, 25 means 25, and the government has not disputed this. Evidence of cases is not necessary to show that there is a realistic probability that New York 221.45 criminalizes the giving of just over 25 grams of marijuana. Second, the government asked this court to define the federal generic standard of small amount by looking to the New York statutory scheme. This is inconsistent with the categorical approach, and the Supreme Court firmly rejected this approach in Esquivel-Quintana. The generic federal standard does not change from state to state. Just because 221.35 could criminalize 841B4 conduct, that does not mean that other New York statutes cannot do the same, just as this court held in Martinez v. Mukasey for 221.40. The question is not whether the conduct could be punished under other statutes, but whether 221.45 could encompass this kind of conduct. Courts should only be looking to the minimum conduct under the statute of conviction and compare it with a single generic standard which does not change from state to state. If it changed from state to state, it would not be generic conduct. And third, the 30 grams established guideposts for small amount and the finding of just over 25 grams of marijuana for no remuneration, if this court finds that just over 25 grams of marijuana for no remuneration is an aggravated felony, it will create a circuit split with the Seventh Circuit. And as the Seventh Circuit observed in Ming Wei Chin v. Sessions, nothing in Moncrief supports the conclusion that the possession of just a tad more than 30 grams of marijuana can never be punished as a federal misdemeanor. And as the government recently argued in the Fourth Circuit in Guevara v. Solorzano, for the conviction at issue in that case, and I quote directly from page 22 of their brief, is not, quote, a categorical drug trafficking crime because it allows for a felony conviction for less than 30 grams of marijuana for no remuneration. And that was briefed on November 27th of 2017. And I'm happy to provide this court with the copies of the government's brief in that case. So because Mr. Hilton's conviction is not an aggravated felony, we ask this court to vacate the BIA's removal order and reinstate the immigration judge's grant of cancellation of removal. Thank you. Thank you both. We'll reserve decision. The case of United States v. Snyder is taken on submission. And the case of United States v. Dansoa is taken on submission. That's the last case on calendar.